24 C.C.P.A.(Patents)

## WILLIAMS OIL–O–MATIC HEATING CORPORATION v. UNITED FURNACE ENGINEERING CO., Inc.

### Patent Appeal No. 3782.

Court of Customs and Patent Appeals.

March 29, 1937.

Langdon Moore, of Washington, D. C. (James Atkins, of Washington, D. C., of counsel), for appellant.

M. E. Jones, of Washington, D. C., and William G. Doolittle, of Pittsburgh, Pa., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellee has filed an application in the United States Patent Office for registration of the trade-mark "Meltomat" to be used in connection with the sale of melting or similar furnaces, in class 34, heating, lighting, and ventilating apparatus, not including electrical apparatus. It is alleged the mark has been used continuously in said business since about January 10, 1933.

The appellant filed notice of opposition to said registration, alleging that it was engaged in the business of manufacturing and selling liquid fuel burning devices. It further appears from the notice of opposition and the stipulated facts that in connection with said business it had used the trade-mark "Oil-O-Matic," which it had adopted on or about January 15, 1920, and which had been used continuously thereafter until the present time; that the opposer also had used the trade-mark "Dist-O-Matic" as a trade-mark upon liquid fuel burning devices since March 9, 1928, and the trade-mark "Gas-O-Matic" since on or about February 28, 1929, on automatically electrically controlled and operated fuel heating systems; that the plant investment of the opposer is very large, together with its advertising expenditure, and that it has acquired a valuable good will, and that it believes the registration of the mark "Meltomat" would tend to cause confusion in the mind of the purchasing public with the goods of the opposer, and would result in damage and injury.

The parties agreed upon stipulated testimony. On the part of the applicant, it is agreed that the witnesses would testify that the mark "Meltomat" was adopted for the manufacture and sale of melting furnaces particularly designed for the melting and conversion of nonferrous metals; that these furnaces so manufactured comprised oil burning, crucible-using melting machines, and that the name "Meltomat" has been used since on or about January 10, 1933, continuously. On the part of the opposer, in addition to the facts already stated, it is stipulated that the witnesses would testify that the trade in the opposer's device has become very large; it is also stipulated, on the part of the opposer, that as early as 1921 Oil-O-Matic oil burners have been used in melting furnaces for stereotype by newspaper publishers, and are being used for that purpose at the present time. It also appears that during the summer of 1927, three Oil-O-Matic burners were installed, and successfully used, in connection with a gold mine at Idaho Springs, Colo. One burner was used in the furnace to melt the ore and smelt it into its various component parts, and the other two were used in retorts to drive off the sulphur and reduce the ore to a concentrate ready for shipment.

The questions arising in the case are as to the same descriptive character of the goods, and the confusing similarity of the trade-marks. The marks are different in many respects. The marks of the opposer end with the two syllables "Matic," which, in themselves, have a distinctive sound. It will be borne in mind that the distinctive goods which are involved here are costly, and involve close discrimination in buying. This feature we called attention to in the recent case of Williams Oil-O-Matic Heating Corp. v. Edward P. Bliss, Jr., 54 F. (2d) 430, 19 C.C.P.A. (Patents) 821. Where such discrimination in buying is exercised, there is not so much probability of confusion as in ordinary cases where less discrimination is exercised.

Again, the devices, while both are used for heating, are much different in their other ordinary uses. The ordinary use of the Williams device is for the heating of buildings, while the "Meltomat" devices are used for a much rarer purpose, namely, smelting or melting metals. It is true that it is shown that the Oil-O-Matic and Dist-O-Matic devices are sometimes used for stereotype heaters, and on one rare occasion for smelting purposes, but this is an exceptional use, and one which it appears is not the use by which these devices are commonly known.

While we are of opinion that the heating devices of the appellant and the opposer might broadly be considered to be within the same general class, we are nevertheless of the opinion that because of the considerable distinction between the

sound of the marks, their number of syllables, and difference in spelling, and the quite considerable difference in the general use of the devices, that the opposition was properly overruled, and that the appellee is entitled to registration and the opposition should be dismissed.

Many authorities on this subject are collated in our recent case of Meredith Publishing Co. v. Scott & Sons Co., 88 F. (2d) 324, 24 C.C.P.A.(Patents) ——.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate in this case.